*546 OPINION.
Marquette:
Two questions are presented for decision in this appeal. First, whether the taxpayer herein is taxable for the year 1918 upon an alleged gain received in liquidation of the Baldt Anchor Co. of New Jersey, and second, the deductibility of certain items claimed to have been worthless debts, and a loss on stock alleged to have become worthless.
The Commissioner has proposed to assess a tax for the year 1918 upon the theory that the taxpayer derived a gain from the liquidation of his interest in the Baldt Anchor Co. of New Jersey. This action was based upon the language of the resolution passed at the stockholders’ meeting of December 81, 1918. Standing alone, the resolution undoubtedly gives color to a determination that there was a distribution in liquidation to the stockholders, but when taken in connection with the facts preceding, contemporaneous with, and following the adoption of such resolution, it assumes a different hue. The facts disclose that the assets of the Baldt Anchor Co. of New Jersey were received by the stockholders as trustees for a corporation to be formed, and to be knoAvn as the Baldt Anchor Co., a Pennsylvania corporation; that when the Pennsylvania corporation was formed, the entire assets of the Baldt Anchor Co. of New Jersey were transferred to it by that company at the direction of the said trustees, who joined in the execution of the bill of sale. No part of the assets of the original company were transferred to or received by the said stockholders in virtue of their several interests in the old' company, a.nd they acted as a mere conduit to pass the title of the assets to the new corporation when formed.
It is quite apparent from the disclosed facts that there was not a distribution in liquidation by the Baldt Anchor Co. of New Jersey *547 to its stockholders on December 31, 1918, but that the stockholders’ resolution of that date was merely a step in the reorganization of the Baldt Anchor Co., a New Jersey corporation, into the Baldt Anchor Co., a Pennsylvania corporation, and that this taxpayer is not taxable in the year 1918 as upon a gain received in liquidation of the old company. Any gain which may have been derived by the taxpayer in the reorganization of the Baldt Anchor Co. of New Jersey is properly to be accounted for in the year 1919 and not in 1918.
The taxpayer has deducted as debts ascertained to be worthless and charged off during the year 1918, the amount of two notes of the Cassada Manufacturing Co. aggregating $15,000, upon which he was accommodation indorser, and which he was compelled to pay in the years 1915 and 191(5, and $2,500, representing a loss of the purchase price of stock of said company acquired at its organization for cash, and alleged to be worthless.
The Cassada Manufacturing Co. was a small corporation organized to manufacture talcum powder- and similar products. Its president was John D. Cassada, who had the entire management of the business of the concern. The company was never a financial success, and during the years 1914 and 1915 this taxpayer indorsed two of its notes for $10,000 and $5,000, respectively, as an accommodation indorser, and the notes were discounted at a bank. The two notes were extended from time to time and, the company being unable to meet i hem, demand was made upon the taxpayer, and during 1915 and 191(5 the notes were paid by him. The evidence discloses that during 1917 and 1918 the company had prospects of becoming a success, but late in 1918 its president left for a point in the South and shortly thereafter died. The business entirely ceased when the president left, and the company had no assets or funds with which to meet its obligations and was entirely insolvent. The stock of the company was closely held and had no market value; and nothing was ever received by the stockholders from the company.
The contention in respect of the worthlessness of these debts is as to when they became worthless. It is the contention of the Commissioner that they were worthless in 1915 and 1916. We think the taxpayer properly determined their worthlessness in the year 1918, when he wrote them off his books. While, as shown by the facts, the company was not a financial success, the testimony produced at the hearing shows there was reasonable ground for the belief on the part of the stockholders and others that an era of prosperity was in prospect for the company, and that it would eventually be able to pay. This belief, however, was dissipated when the president, who was the sole guiding factor of the corporation, departed for a point in the South, leaving the corporation without assets or funds with which to meet its obligations and hopelessly insolvent. As the corporation had no funds or assets of any kind and entirely ceased to do business in 1918, and as the stock had no value and could not be disposed of at any price, it was entirely worthless at that time. We are of opinion that the deduction of the amount of the two notes as worthless debts, and of the loss in the stock should be allowed in the year 1918.